# In the United States Court of Federal Claims

No. 11-889C
(Filed: August 10, 2012)
**NOT FOR PUBLICATION**

|  |  |
|---|---|
| NATHANIEL BRIDDELL, RN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Alan L. Frank, Alan L. Frank Law Associates, P.C., Jenkintown, Pa., for plaintiff.

Michael D. Snyder, Trial Attorney, Todd M. Hughes, Deputy Director, Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, Stuart F. Delery, Acting Assistant Attorney General, U.S. Department of Justice, Washington, D.C., for defendant. Stacey R. Conroy, U.S. Department of Veterans Affairs, Philadelphia, Pa., of counsel.

## OPINION AND ORDER

GEORGE W. MILLER, Judge

Plaintiff Nathaniel Briddell, RN, filed a complaint alleging breach of an express or implied contract ("Counts I and II"), fraudulent inducement ("Count III"), and promissory estoppel ("Count IV") in connection with plaintiff's application for a position with the Department of Veterans Affairs ("DVA") Polytrauma & Spinal Cord Injury Unit in Philadelphia (docket entry 1, Dec. 20, 2011). Defendant, the United States, has moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), arguing that this court does not possess jurisdiction over plaintiff's claims because Counts I and II are premised upon an appointment and not a contract, Count III because it sounds in tort, and Count IV because, as plaintiff ultimately concedes, the United States has not waived its sovereign immunity from claims based upon contracts implied in law (docket entry 7, Apr. 23, 2012). For the reasons set forth below, the Court **GRANTS** defendant's motion to dismiss for lack of subject matter jurisdiction.

## I.        Background

In 2010, plaintiff, a registered nurse employed at Paul's Run Retirement Community ("Paul's Run") in Philadelphia, Pennsylvania, applied for an open position as a full-time nurse at DVA's Philadelphia facility in the Polytrauma & Spinal Cord Injury Unit.  Compl. ¶¶ 1, 4–8, 10.  On March 7, 2011, the agency sent plaintiff a letter stating that he was under consideration for a full-time position in the Polytrauma Unit and requested he submit information to verify his nursing degree and past work experience.[1]  Def.'s Mot. to Dismiss ("Def.'s Mot.") Ex. A.  Plaintiff further alleges that upon receiving the March 7, 2011 letter, he was simultaneously informed that his employment with DVA would begin on April 25, 2011.[2]  Compl. ¶ 13.  Plaintiff asserts that he was at some point "informed . . . that his background check would begin with inquiries to Paul's Run and that he should accordingly resign from his position."  Id. ¶ 14.  According to plaintiff, "[f]ollowing the instructions of [DVA], [he] resigned from his previously secure position at Paul's Run."  Id. ¶ 15.

Plaintiff states that shortly before his scheduled start date of April 25, 2011, representatives of DVA informed him that the start of his employment had been delayed.  Compl. ¶¶ 1, 18.  Plaintiff alleges that following this notification, "[f]or nearly three months, representatives of [DVA] repeatedly assured [plaintiff] that [the position he sought] had not been closed and that [he] would receive a new start date."  Id. ¶ 1; see also id. ¶¶ 19–21.  Plaintiff did not seek other employment in reliance on DVA's assurances of a forthcoming start date.  Id. ¶¶ 22–23.

However, on July 18, 2011, DVA informed plaintiff that the position for which he was being considered was closed due to budget constraints.  Id. ¶ 24.  Plaintiff remained unemployed for a total of approximately six months until he was hired as a full-time nurse with Catholic Health Systems on October 24, 2011.  Id. at 6 n.1, ¶¶ 27–28.

On December 20, 2011, plaintiff filed this complaint alleging, among other things, that the "actions and representations of the [p]arties created an express or implied contract, upon which [plaintiff] relied," id. ¶ 1, and "closing . . . [the] position after directing [plaintiff] to leave his previously secure employment at Paul's Run constituted a breach" of that express or implied contract.  Id. ¶¶ 39, 49; see id. ¶¶ 31–50.  In addition, plaintiff alleges fraudulent inducement by defendant because "[r]epresentatives of [DVA] knowingly, willfully, or negligently misrepresented to [plaintiff] the status of his pending employment."  Id. ¶ 56; see id. ¶¶ 51–57.  Lastly, plaintiff asks this Court to enforce the alleged promises under a theory of promissory

---

[1] Plaintiff characterizes this letter as "a tentative offer letter pending completion of a background check."  Compl. ¶ 12.  The letter, however, states that it is "not a formal job offer but rather an inquiry as to [plaintiff's] further interest and availability for the position."  Def.'s Mot. to Dismiss ("Def.'s Mot.") Ex. A.

[2] The March 7, 2011 letter does not provide any reference to April 25, 2011 or any other date on which his employment would commence, nor does plaintiff state in his complaint how or from whom he received this information.  The March 7, 2011 letter also does not state plaintiff should resign from Paul's Run or even mention his present employment.  See Def.'s Mot. Ex. A.

estoppel because DVA "knowingly induced [him] to terminate his previously secure employment with the promise of employment at [DVA]," *id.* ¶ 60, and he "reasonably relied upon [DVA's] representations in terminating his previous employment." *Id.* ¶ 61; *see id.* ¶¶ 58–62.

## II.   Discussion

Whether a court possesses jurisdiction is a threshold matter, and it may be challenged at anytime by the parties or by the court *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). In addressing a defendant's motion to dismiss for lack of subject matter jurisdiction, the court must determine whether it has authority to address a plaintiff's legal and factual issues. *Brach v. United States*, 443 F. App'x 543, 547 (Fed. Cir. 2011). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Patton v. United States*, 64 Fed. Cl. 768, 773 (2005) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)) (internal quotation marks omitted). A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988), and, in deciding a motion to dismiss for lack of jurisdiction, the court will assume that all of plaintiff's uncontested factual allegations are true and draw all reasonable inferences in the plaintiff's favor. *Scheuer*, 416 U.S. at 236; *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). In ascertaining whether a plaintiff has met his or her jurisdictional burden, the court may look "beyond the pleadings and inquire into jurisdictional facts in order to determine whether jurisdiction exists." *Laudes Corp. v. United States*, 86 Fed. Cl. 152, 160 (2009) (quoting *Lechliter v. United States*, 70 Fed. Cl. 536, 543 (2006)) (internal quotation marks omitted).

Plaintiff alleges that this court has jurisdiction over his claims pursuant to the Tucker Act, 28 U.S.C. § 1491.[3] Compl. ¶ 2. The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

Although the Tucker Act contains both a grant of jurisdiction and a waiver of sovereign immunity, "it does not create any substantive right enforceable against the United States for money damages." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v.*

---

[3] Plaintiff appears to have abandoned his allegation that the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101–7109, provides a basis for jurisdiction, Compl. ¶ 2; he did not elaborate in either the complaint or his response to defendant's motion how his allegations implicate the CDA. Therefore, the Court finds that plaintiff has failed to establish the court's jurisdiction under the CDA. *See Grayton v. United States*, 92 Fed. Cl. 327, 333 (2010) ("Plaintiff briefly cites to two sections of the CDA in the complaint, and makes no mention of CDA jurisdiction in either his opposition brief or his sur-reply. . . . [T]he court finds that plaintiff has not met his burden to show jurisdiction under the CDA . . . .").

*Testan*, 424 U.S. 392, 398 (1976)) (internal quotation marks omitted).  Rather, a plaintiff's claim for monetary damages must be based on a "money-mandating" source of substantive law.  *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). "Therefore, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages."  *Taylor Consultants, Inc. v. United States*, 90 Fed. Cl. 531, 537 (2009) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc portion)).   "[I]n a contract case, the money-mandating requirement for Tucker Act jurisdiction normally is satisfied by the presumption that money damages are available for breach of contract, with no further inquiry being necessary."  *Holmes v. United States*, 657 F.3d 1303, 1314 (Fed. Cir. 2011).  Thus, this court has jurisdiction over claims against the United States based on contracts "either express or implied in fact."  *Hercules, Inc. v. United States*, 516 U.S. 417, 423 (1996); *see also Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1324–25 (Fed. Cir. 1997).

A.     *The Court Lacks Jurisdiction over Counts I and II for Breach of an Express or Implied-in-Fact Contract*

A well-pled allegation of a breach of either an express or implied-in-fact contract is sufficient to overcome challenges to jurisdiction.  *Trauma Serv. Grp.*, 104 F.3d at 1325 (citing *Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 686 (Fed. Cir. 1992)).  To properly plead an express or implied-in-fact contract claim within the Court of Federal Claims' Tucker Act jurisdiction, a plaintiff "must allege [a] mutual intent to contract including an offer, an acceptance, consideration and facts sufficient to establish that the contract was entered into with an authorized agent of the United States who had 'actual authority to bind the United States.'" *Lion Raisins, Inc. v. United States*, 54 Fed. Cl. 427, 431 (2002) (quoting *Trauma Serv. Grp.*, 104 F.3d at 1325); *accord Wickliffe v. United States*, 102 Fed. Cl. 102, 108 (2011) (citing *Harbert/Lummus Agrifuels Projects v. United States*, 142 F.3d 1429, 1434 (Fed. Cir. 1998); *Total Med. Mgmt., Inc. v. United States*, 104 F.3d 1314, 1319 (Fed. Cir. 1997)).

The principle is "well-established . . . that, absent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government."  *Hamlet v. United States*, 63 F.3d 1097, 1101 (Fed. Cir. 1995) (quoting *Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985)) (internal quotation marks omitted).  In *Hamlet*, the court held that the Court of Federal Claims was without jurisdiction to hear the plaintiff's breach of contract claims relating to an appointed position because such positions are not based upon contract and embody no substantive right to monetary damages.  *Id.* at 1102; *see also Collier v. United States*, 56 Fed. Cl. 354, 356–57 (2003) (stating that appointments and contractual relationships are mutually exclusive), *aff'd*, 379 F.3d 1330 (Fed. Cir. 2004).  The Federal Circuit has explained that although the "distinction between appointment and contract may sound dissonant in a regime accustomed to the principle that the employment relationship has its ultimate basis in contract, the distinction nevertheless prevails in government service."  *Adams v. United States*, 391 F.3d 1212, 1221 (Fed. Cir. 2004) (quoting *Kizas v. Webster*, 707 F.2d 524, 535 (D.C. Cir. 1983)) (internal quotation marks omitted).  For that reason, "courts have consistently refused to give effect to government-fostered expectations that, had they arisen in the private sector, might well

have formed the basis for a contract or an estoppel." *Id.* (quoting *Kizas*, 707 F.2d at 535) (internal quotation marks omitted).

Here, plaintiff alleges that representatives of DVA intended to form "a binding contract for the procurement of [his] services as a registered nurse," Compl. ¶¶ 32, 42, and that he was "clearly and unambiguously offered" such employment, *id.* ¶¶ 33, 43, which was "clearly and unambiguously accepted." *Id.* ¶¶ 34, 44. Plaintiff argues that the court should enforce the alleged promises as a contract, which defendant breached when DVA closed the position "after directing [him] to leave his previously secure employment at Paul's Run." Compl. ¶¶ 39, 49. However, plaintiff fails to put forth any evidence that would rebut the "presumption that federal employees hold their positions pursuant to appointment[] rather than by contract." *Calvin v. United States*, 63 Fed. Cl. 468, 472 (2005) (alteration in orginal) (quoting *Collier*, 56 Fed. Cl. at 357) (internal quotation marks omitted); *see also Hamlet*, 63 F.3d at 1101–02 (explaining that the court must look to the relevant statutory language and implementing regulations when determining whether federal employment is by contract or appointment). Indeed, as plaintiff acknowledges, Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") 5 (docket entry 7, Apr. 23, 2012), 38 U.S.C. § 7401(1) provides that "[t]here may be *appointed* by the Secretary such personnel as the Secretary may find necessary for the health care of veterans . . . (1) Physicians, dentists, podiatrists, chiropractors, optometrists, [and] registered nurses . . . ." 38 U.S.C. § 7401(1) (emphasis added).

Plaintiff insists that his claims are not based on an offer of employment or an appointment. *See* Pl.'s Opp'n 5 ("[Plaintiff's] claims for breach of contract are not based upon either an offer of employment or upon an appointment."). Plaintiff asserts that "a contract arose because [DVA] specifically instructed [plaintiff] to terminate his employment with Paul's Run while promising to offer new employment" and that this "constitutes consideration for a promise of *future* employment." *Id.* at 5–6 (emphasis added).

Plaintiff's argument is similar to an argument rejected by the court in *Federico v. United States*, 70 Fed. Cl. 378 (2006). In *Federico,* the plaintiff was offered a position as a podiatric physician at DVA's Las Vegas Medical Center and brought claims against DVA for breach of an alleged oral promise that was made prior to his employment. *Id.* at 379–80. The plaintiff in *Federico* contended that DVA breached its promise to pay a higher salary by reducing his annual pay approximately fifty-thousand dollars. *Id.* Based upon DVA's representations, the plaintiff had "accepted the position, quit his private practice in New Mexico, sold his home, and . . . moved to Las Vegas to begin his employment." *Id.* at 379. The plaintiff asserted that the Court of Federal Claims had jurisdiction to hear his claims and to enforce the promise of a higher salary because he relied upon that promise. *Id.* at 382–83. The court, however, found the plaintiff's arguments unpersuasive and concluded that

> plaintiff has pointed to no relevant legal authority to support his claim that a pre-employment, oral promise, even if made, may be enforced in [the Court of Federal Claims] as contract. No amount of discovery could change the legal reality underlying plaintiff's claim that federal employees who serve by appointment may not bring contract claims regarding government positions held by appointment.

*Id.* at 386.

Here, as in *Federico*, plaintiff does not cite any authority that would permit this court to enforce a "pre-employment promise" as a contract. *See id.* Plaintiff also does not provide "facts sufficient to establish that the contract was entered into with an authorized agent of the United States who had 'actual authority to bind the United States.'" *Lion Raisins, Inc.*, 54 Fed. Cl. at 431 (quoting *Trauma Serv. Grp.*, 104 F.3d at 1325). Moreover, plaintiff essentially asks this court to enforce the terms of an alleged promise on which he relied. However, this would require the court to find an implied-in-law contract, which is a "fiction of law," *Hercules, Inc.*, 516 U.S. at 424, because "there is no actual agreement between the parties."[4] *Int'l Data Prods. Corp. v. United States*, 492 F.3d 1317, 1325 (Fed. Cir. 2007); *see also Lumbermens Mut. Cas. Co. v. United States*, 654 F.3d 1305, 1316 (Fed. Cir. 2011) ("[I]mplied-in-law contracts 'impose duties that are deemed to arise by operation of law' in order to prevent an injustice . . . ." (quoting *City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998))). The jurisdiction of the Court of Federal Claims, however, "extends only to contracts either express or implied in fact, and not to claims on contracts implied in law." *Hercules, Inc.*, 516 U.S. at 423; *see also Trauma Serv. Grp.*, 104 F.3d at 1324–25. Plaintiff's attempt to "sidestep[]" jurisdictional deficiencies by "transforming the complaint into one based on breach of . . . contract" is unavailing. *Boston v. United States*, 43 Fed. Cl. 220, 227 (1999) (citing *Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 739–41 (1982)). Accordingly, this Court lacks jurisdiction over Counts I and II and **GRANTS** defendant's motion to dismiss these Counts.

B.       *The Court Lacks Jurisdiction over Count III for Fraudulent Inducement*

The court lacks Tucker Act jurisdiction to hear Count III of plaintiff's complaint because the claim sounds in tort. Plaintiff alleges that DVA knowingly, willfully, or negligently misrepresented the status of his employment with the agency. Compl. ¶ 56. Plaintiff asserts that his claim for fraudulent inducement lies within the court's Tucker Act jurisdiction because it "arises out of and depends upon the alleged contract." Pl.'s Opp'n 7. "It is well established that where a tort claim stems from a breach of contract, the cause of action is ultimately one arising in contract, and thus is properly within the exclusive jurisdiction of the Court of Federal Claims . . . ." *Awad v. United States*, 301 F.3d 1367, 1372 (Fed. Cir. 2002). However, as discussed *supra*, the Court finds that Counts I and II are not based on a contract over which this court has jurisdiction. Therefore, plaintiff's claim for fraudulent inducement sounds in tort. *See Phu Mang Phang v. United States*, 388 F. App'x 961, 963 (Fed. Cir. 2010) (stating that when a plaintiff's fraud claims against the government are separate and independent of any contractual obligations, they are grounded in tort law). The district courts have exclusive jurisdiction to hear tort claims against the United States pursuant to the Federal Tort Claims Act ("FTCA"). *See id.*;

---

[4] To establish a claim for promissory estoppel, "which is another name for an implied-in-law contract claim," *Terry v. United States*, 103 Fed. Cl. 645, 656 (2012) (quoting *Hubbs v. United States*, 20 Cl. Ct. 423, 427 (1990)) (internal quotation marks omitted), a plaintiff must show that: "(1) A promise or representation was made; (2) the claimant's reliance on this promise was detrimental and reasonable; and (3) the promisor reasonably should have expected the detrimental reliance." *Sinclair v. United States*, 56 Fed. Cl. 270, 282 n.15 (2003) (citing *Law Mathematics & Tech., Inc. v. United States*, 779 F.2d 675, 678 (Fed. Cir. 1985)).

*Federico*, 70 Fed. Cl. at 387; *see also* 28 U.S.C. § 1346(b)(1).  Thus, the Court is without jurisdiction to hear Count III.  Accordingly, the Court **GRANTS** defendant's motion to dismiss Count III for lack of jurisdiction.

C.        *The Court Does Not Have Jurisdiction over Count IV for Promissory Estoppel*

As discussed *supra*, promissory estoppel requires the court to find an implied-in-law contract, which is a "fiction of law," *Hercules, Inc.*, 516 U.S. at 424, because "there is no actual agreement between the parties." *Int'l Data Prods. Corp.*, 492 F.3d at 1325.  Despite the absence of an agreement, a contract implied in law allows a court to impose a promise in order to prevent injustice.  *Id.*  The jurisdiction of the Court of Federal Claims "extends only to contracts either express or implied in fact, and not to claims on contracts implied in law." *Hercules, Inc.*, 516 U.S. at 423.  In addition, plaintiff concedes that Count IV should be dismissed for lack of subject matter jurisdiction.  Pl.'s Opp'n 7.  Accordingly, the Court **GRANTS** defendant's motion to dismiss Count IV.

D.        *The Court Declines to Transfer Any of Plaintiff's Claims to Another Court*

When a court concludes that it lacks subject matter jurisdiction over a plaintiff's claims, it must transfer the action to a court in which the action could have been brought if transfer is "in the interest of justice."  28 U.S.C. § 1631; *see id.* § 610 (including the Court of Federal Claims in the definition of "courts" for purposes of § 1631).  The court may transfer an action without being asked by either party.  *Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1375 (Fed. Cir. 2005).  To transfer an action, a court must find that "(1) it lacks subject matter jurisdiction; (2) at the time the case was filed, the case could have been brought in the transferee court; and (3) transfer is in the interest of justice." *Wickliffe*, 102 Fed. Cl. at 110 (citing 28 U.S.C. § 1631; *United States v. John C. Grimberg Co.*, 702 F.2d 1362, 1364 n.5, 1374 (Fed. Cir. 1983) (en banc)).

Here, the Court is not aware of any other court in which these claims could have been brought at the time the case was filed.  A district court would not have had jurisdiction to hear plaintiff's Counts I and II for breach of an express or implied contract under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), for the same reasons the Court of Federal Claims does not have jurisdiction to hear those Counts under the Tucker Act.  Additionally, a district court would not have had jurisdiction under the Little Tucker Act because plaintiff seeks over $10,000 in damages.  *See id.* (limiting a district court's Little Tucker Act jurisdiction to claims not exceeding $10,000); Compl. ¶¶ 40, 50 (seeking $100,000).

Although district courts have jurisdiction to hear tort claims under the FTCA, plaintiff has not alleged facts suggesting that he has complied with the requirements to bring a tort claim under the FTCA.  *See, e.g.*, 28 U.S.C. § 2675(a) (exhaustion requirement).  Moreover, plaintiff alleges fraudulent inducement, but the FTCA does not waive sovereign immunity for claims arising out of "misrepresentation," "deceit," or "inducement." *Id.* § 2680(h); *Env't Safety Consultants, Inc. v. United States*, 95 Fed. Cl. 77, 96 n.23 (2010); *see also Marcus v. Geithner*, 813 F. Supp. 2d 11, 16–17 (D.D.C. 2011) ("Because the plaintiff bases her claim on her alleged reliance on these miscommunications, the court concludes that her claims are barred by sovereign immunity." (citing *United States v. Neustadt*, 366 U.S. 696, 711 (1961))).

Lastly, plaintiff's claim for promissory estoppel could not have been brought in another court because of sovereign immunity. *See Naskar v. United States*, 82 Fed. Cl. 319, 322 (2008) (holding that the court lacks authority to transfer claims when they are barred by sovereign immunity because such claims cannot be brought in a transferee court).  Accordingly, the Court declines to transfer any of plaintiff's claims to another court.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**, and plaintiff's complaint is **DISMISSED** without prejudice.  The Clerk shall enter judgment accordingly.


**IT IS SO ORDERED.**

 s/ George W. Miller
GEORGE W. MILLER
Judge